UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CITY OF ASHDOWN, ARKANSAS individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | Hon. Judge Susan O. Hickey |
| NETFLIX, INC., and HULU, LLC, | § § | |
| Defendants. | § § § § | |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

COMES NOW Plaintiff, City of Ashdown, Arkansas, individually and on behalf of all those similarly situated (the "Class," as more fully defined below), and files this Original Class Action Complaint against Defendants Netflix, Inc. and Hulu, LLC (collectively, "Defendants"), alleging as follows:

**INTRODUCTION**

1. Defendants provide video service in Arkansas municipalities. When doing so, they use wireline facilities (*i.e.*, broadband wireline facilities) located at least in part in public rights-of-way.

2. Accordingly, Defendants should be and are required by the Arkansas Video Service Act to pay each of those municipalities a franchise fee of 5% percent of their gross revenue, as derived from their providing video service in that municipality.

3. Defendants have failed to pay the required fee, necessitating this lawsuit, and entitling Plaintiff and the other Class members to the relief requested herein.

## PARTIES

4. Plaintiff, City of Ashdown, Arkansas is a lawfully existing Arkansas municipal corporation located in Little River County, Arkansas.

5. Defendant Netflix, Inc. ("Netflix") is a Delaware corporation, headquartered in Los Gatos, California. Netflix's primary businesses are its video service, which offers online streaming of a library of films and television programs, as well as the distribution and production of original films and television series. Netflix does business in Ashdown, Arkansas, and has done so at all times relevant to this action.

6. Defendant Hulu, LLC ("Hulu") is a Delaware limited liability company, headquartered in Santa Monica, California. Hulu's primary businesses are its video service, which offers online streaming of live video programming and a library of films and television programs, as well as the distribution and production of original films and television series. Hulu does business in Ashdown, Arkansas, and has done so at all times relevant to this action.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Defendants are citizens of a state different from that of Plaintiff, the putative class size is greater than 100, and the aggregate amount in controversy for the proposed Class exceeds $5,000,000, exclusive of interest and costs.

8. Venue is proper in this District, and this Court has personal jurisdiction over Defendants, pursuant to 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred in this District, and because Defendants "transact affairs" in this District; each Defendant continuously and systematically engaged in and continues to engage in business in this District.

**FACTUAL ALLEGATIONS**

9.  Defendants provide video service to their subscribers to view television shows, movies, documentaries, and other programming.[1] They compete with other video service providers,[2] offering video programming that is comparable to that provided by cable companies and television-broadcast stations.

10. Customers view Netflix's and Hulu's video programming—such as television shows, movies, and documentaries—using an Internet-connected device. Internet-connected devices are electronic devices that have software enabling them to stream Defendants' video programming, including smart televisions, streaming media players like Roku or Apple TV, smartphones, tablets, video game consoles, set-top boxes from cable and satellite providers, Blu-ray players, and personal computers.

11. When a subscriber wants to watch Netflix or Hulu, he or she uses an Internet-connected device to send a request to the Internet-service provider. The Internet-service provider then forwards that request to Netflix's and Hulu's dedicated Internet servers, which, in turn, provide a response. This response is then relayed back to the subscriber's device, and Netflix and Hulu deliver the video programming via Internet protocol technology (*i.e.*, broadband wireline facilities located at least in part in public rights-of-way).

---

[1] "Video service" means the delivery to subscribers of video programming services that are generally considered comparable to video programming delivered to viewers by a television broadcast station, cable service, or digital television service, and which is provided primarily through equipment or facilities located in whole or in part in, on, under, or over any public right-of-way. This definition does not include any video service provided by a commercial mobile service provider as defined in 47 U.S.C. § 332(d), or any video programming that is provided as part of and via a service that enables end users to access content, information, electronic mail, or other services offered over the public Internet. *See* Ark. Code Ann. § 23-19-202(15).

[2] "Video service provider" means a provider of video service, including without limitation a cable service provider, an incumbent video service provider, and a nonincumbent video service provider. *See* Ark. Code Ann. § 23-19-202(16).

12. During the relevant time period, Netflix has used a content delivery network called Netflix Open Connect to deliver 100% of its video traffic to its subscribers. When a Netflix subscriber wants to view Netflix programming, the subscriber's Internet service provider will connect the subscriber to the closest Netflix Open Connect server offering the fastest speeds and best video quality.

13. According to Netflix, that means that most of its subscribers receive Netflix's video programming from servers either inside of, or directly connected to, the subscriber's Internet service provider's network within their local region. Netflix has "end-to-end" control of its entire Open Connect system, including any servers located in Ashdown and other Arkansas municipalities.

14. Similar to Netflix, when a Hulu subscriber wants to view Hulu, the subscriber's Internet service provider will connect the subscriber to the Hulu server. Hulu receives the directive and checks the subscriber's entitlement, the location, and the content availability. It then delivers the program through the Internet to the subscriber's Internet-connected device.

15. Defendants' subscribers typically use a broadband Internet connection, such as DSL or fiber optic cable to receive Defendants' programming. In Ashdown, common providers include NewWave, Walnut Hill, and AT&T. These broadband Internet connections rely upon wireline facilities located in whole or in part in the public right(s)-of-way to deliver Internet service to subscribers. That means that Defendants operate and provide their video service to Defendants' subscribers through wireline facilities located at least in part in the public right-of-way. Nothing in the Arkansas Video Service Act requires Defendants to construct, own, or operate these wireline facilities. Those wireline facilities can be owned or operated by a third party. In fact, the Arkansas Video Service Act states that video can be provided and is thusly defined "without regard to

delivery technology, including internet protocol technologies". Ark. Code Ann. § 23-19-202(15)(A). Defendants' use of wireline facilities located at least in part in the public right-of-way to transmit content to their subscribers puts them squarely within the Arkansas Video Service Act.

16.  As video service providers, Defendants were required to file an application with the Secretary of State for a state-issued certificate of franchise authority ("SICFA") prior to providing video service after June 30, 2013, unless they were providing video service under a franchise from a political subdivision in effect on March 6, 2013, elected to negotiate a franchise with a political subdivision or adopted the terms and conditions of an existing franchise issued by a political subdivision to an incumbent video service provider.[3]

17.  Defendants do not provide service under an existing franchise in Ashdown, Arkansas, did not adopt the terms and conditions of an existing franchise with Ashdown, Arkansas, and have not negotiated with Ashdown, Arkansas for a new franchise.

18.  Defendants failed to apply for and obtain a SICFA, and are, therefore, providing video service throughout Arkansas without authorization, and in contravention of the Arkansas Video Service Act. Ark. Code Ann. §23-19-203(a)(1)(C) ("A person shall not act as a video service provider within the state unless the person has been granted a [SICFA]").

19.  A SICFA authorizes video service providers such as Defendants to use public rights-of-way, as long as said video service provider made a quarterly franchise payment to each political subdivision in which it provides service.[4]

---

[3] *See* Ark. Code Ann. §23-19-203(a-c).

[4] Ark. Code Ann. §23-19-206(c).

20. The required franchise payment must be equal to 5% of gross revenues received by the franchise holder from the provision of services in that city, unless the city has an existing franchise that makes a lower payment, or the video service provider has negotiated with the city.[5]

21. No video service provider in Ashdown, Arkansas pays less than a 5% franchise fee, and Defendants failed to negotiate with Ashdown.

22. Defendants were required to obtain a SICFA before providing video service in Ashdown, and the other Arkansas municipalities in which it provides they provide their video services, since they did not opt into one of the other three options. Defendants' failure to obtain a SICFA, however, did not relieve Defendants of the obligation to pay a franchise fee of 5% of their gross revenues, as derived from providing such video service in those municipalities. Nothing in the Arkansas Video Service Act provides that an entity otherwise qualified as a "video service provider" is exempt from this requirement, or from liability in this Court, so long as it refrains from obtaining a SICFA.

23. Defendants have failed to comply with the Arkansas Video Service Act, because they have failed to pay Plaintiff and the other Class members the required franchise fee of 5% of gross revenues. Defendants cannot escape liability by arguing that they simply were not SICFA holders; they were required to apply for and obtain a SICFA, then pay the franchise fee of 5% of gross revenues derived from providing video service in Ashdown in the manner in which they did.

24. Plaintiff Ashdown, individually and on behalf of other Arkansas municipalities, seeks to require Defendants to abide by the Arkansas Video Service Act, and pay what they owe to these municipalities.

---

[5] Ark. Code Ann. §23-19-206(e).

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action as a class action pursuant to Rules 23(a), 23(b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of a class defined as:

> All Arkansas municipalities in which one or more of the Defendants has provided video service (the "Class").

26. Excluded from the Class are Defendants and any of their members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the Court staff assigned to this case and their immediate family members. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

27. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

28. **Numerosity—Federal Rule of Civil Procedure 23(a)(1).** The proposed Class is sufficiently numerous that individual joinder of all Class members is impracticable. Indeed, the Class size is believed to be in excess of five hundred municipalities. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

29. **Commonality and Predominance—Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members, including, without limitation:

    a. Whether Defendants provide video service, as defined by Ark. Code Ann. § 23-19-202(15) within Plaintiff's and the other Class members' geographic areas;

    b. Whether Defendants are video service providers, as defined by Ark. Code Ann. § 23-19-202(16);

    c. Whether Defendants were required to file an application with the Secretary of State for a state-issued certificate of franchise authority;

    d. Whether Defendants have failed to pay franchise fees pursuant to Ark. Code Ann. § 23-19-206(b);

    e. The appropriate measure of damages to award Plaintiff and the other Class members; and

    f. The appropriate declaratory relief to which Plaintiff and the other Class members are entitled.

30. **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because Plaintiff and each of the other Class members is entitled to franchise fee payments from Defendants pursuant to Ark. Code Ann. § 23-19-206, and Defendants have failed to pay Plaintiff and each of the other Class members those franchise fees. Plaintiff is asserting the same claims and legal theories individually and on behalf of the other Class members.

31. **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because its interests do not conflict with the interests of the other Class members who it seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where defendants breached statutory obligations, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and its counsel.

32. **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** Defendants acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and/or declaratory relief, as described below, with respect to Class members.

33. **Superiority—Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy,

and no unusual difficulties are likely to be encountered in the management of this class action. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CLAIMS ALLEGED

### COUNT I
### VIOLATION OF ARK. CODE ANN. § 23-19-206

34. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1-33, as if fully set forth herein.

35. Defendants provide video service, and are video service providers, in Ashdown, and each municipality comprising the Class.[6] Defendants derive gross revenues from providing these video services.

36. Defendants are thus required, by statute, to pay each municipality in which they provide video service, a franchise fee of 5% of their gross revenues derived from their operations in that municipality.[7]

37. Defendants' failure to obtain the required state-issued certificate of franchise authority does not excuse Defendants' obligations to make these payments.

38. Defendants have failed to comply with Ark. Code Ann. § 23-19-206, because they have failed to pay Plaintiff and the other Class members the required 5% of gross revenues.

39. A municipality can sue over a dispute concerning payment of the 5% fee.[8]

---

[6] *See* Ark. Code Ann. § 23-19-202(15)(16).

[7] *See* Ark. Code Ann. § 23-19-206(e).

[8] *See* Ark. Code Ann. § 14-54-101(1).

40. Plaintiff and the other Class members are, therefore, entitled to damages as a result of Defendants' violations of Ark. Code Ann. § 23-19-206, along with pre- and post-judgment interest, in an amount to be determined at trial.

## COUNT II
## DECLARATORY JUDGMENT ACT

41. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1-33, as if fully set forth herein, and further alleges, in addition and/or in the alternative to Count I, as follows:

42. This case involves an actual controversy of sufficient immediacy, which is substantial and concrete, touches upon the legal relations of parties with adverse interests, and is subject to specific relief through a decree of conclusive character.

43. Pursuant to 28 U.S.C. §§ 2201-2202, Plaintiff seeks a declaration, and resulting order, from the Court that:

   a. Each Defendant provides "video service," as that term is defined in the Arkansas Video Service Act. *See* Ark. Code Ann. §23-19-202(15);

   b. Each Defendant is a "video service provider," as that term is defined in the Arkansas Video Service Act. *See* Ark. Code Ann. §23-19-202(16);

   c. Defendants provide video service, and are video service providers, in Ashdown and each of the other municipalities comprising the Class. *See* Ark. Code Ann. §23-19-202(15)(16);

   d. Defendants were required to file an application with the Secretary of State for a state-issued certificate of franchise authority ("SICFA"). *See* Ark. Code Ann. § 23-19-203;

    e.    Defendants are required to pay Plaintiff and each of the other Class members a franchise fee of 5% of their gross revenues derived from their operations in each such municipality, pursuant to Ark. Code Ann. §23-19-206(a)(3);

    f.    Defendants owe simple interest equal to that of judgments for all video service provider fees that are forty-five days past due, pursuant to Ark. Code Ann. §23-19-206(c)(3); and

    g.    Defendants have failed to comply with the Arkansas Video Service Act because they have each failed to pay to Plaintiff and each of the other Class members the required 5% of gross revenues.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

    a.    Entering an Order certifying the above-defined Class and designating Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

    b.    Awarding all monetary relief to which Plaintiff and the other Class members are entitled, including as set forth in Count I above;

    c.    Granting declaratory relief as set forth in Count II above, including ordering Defendants to cure their noncompliance with Ark. Code Ann. §23-19-203 and Ark. Code Ann. §23-19-206;

    d.    Awarding pre- and post-judgment interest;

    e.    Awarding reasonable attorneys' fees and costs to Plaintiff's counsel; and

    f.    Granting such further and other relief as this Court deems appropriate.

Dated: December 23rd, 2020

                                                            Respectfully submitted,

/s/ M. Chad Trammell (AR – 95125)
Melody H. Piazza (AR-86108)
Trammell Piazza Law Firm, PLLC
418 North State Line Avenue
Texarkana, Arkansas 71854
Tel.: 870-779-1860
chad@trammellpiazza.com
melody@trammellpiazza.com

Adam J. Levitt*
Mark Hamill*
Brittany Hartwig*
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: 312-314-7900
alevitt@dicellolevitt.com
mhamill@dicellolevitt.com
bhartwig@dicellolevitt.com

Austin Tighe*
Michael Angelovich*
**NIX PATTERSON, LLP**
3600 North Capital of Texas Highway
Building B, Suite 350
Austin, Texas 78746
Tel: 512-328-5333
atighe@nixlaw.com
mangelovich@nixlaw.com

Peter Schneider*
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
3700 Buffalo Speedway, Ste. 1100
Houston, Texas 77098
Tel: 713-338-2560
pschneider@schneiderwallace.com

Todd M. Schneider*
Jason H. Kim*
Kyle G. Bates*
**SCHNEIDER WALLACE COTTRELL**

**KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: 415-421-7100
tschneider@schneiderwallace.com
jkim@schneiderwallace.com
kbates@schneiderwallace.com

**Anthony Bruster**
Arkansas Bar No. 2003041
**BRUSTER, PLLC**
680 N. Carroll Ave., Suite 110
Southlake, Texas 76092
Telephone: (817) 601-9564
akbruster@brusterpllc.com

***Counsel for Plaintiff and the Proposed Class***

\* *Pro Hac Vice* applications to be filed